ISABEL CASTRO VIDAL ET AL., demandantes y apelantes, *v.* METROPOLITAN HOSPITAL AND NURSING HOME, INC., ET AL., demandados y apelados.

*Número:* RE-86-365          *Resuelto:* 23 de diciembre de 1986

*Robert J. Walser*, abogado de la parte peticionaria; *José A. Masini Soler*, de *Soler Favale y Masini Soler*, abogado de la parte recurrida.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

Con motivo de una intervención quirúrgica a que fue sometida la Sra. Isabel Castro Vidal —relacionada la misma con

una condición de incontinencia urinaria— se radicó una demanda de daños y perjuicios ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra los facultativos médicos que llevaron a efecto dicha operación y contra el hospital donde se realizó la misma, el Metropolitan Hospital and Nursing Home, Inc. La parte demandante posteriormente desistió de su demanda contra la institución hospitalaria, dictándose sentencia a esos efectos en el caso.

En la continuación de los procedimientos contra los doctores demandados, la parte demandante decidió deponer a uno de los funcionarios del hospital. Notificó la toma de la deposición por conducto de la representación legal que había tenido la referida institución. No habiendo comparecido el funcionario a la toma de la deposición, la parte demandante solicitó la imposición de sanciones. Ello motivó una "comparecencia especial" del hospital en la que alegó que la notificación tenía que hacerse en virtud de las disposiciones de la Regla 40 de Procedimiento Civil de 1979. El tribunal de instancia decretó que le asistía la razón al Metropolitan Hospital. La parte demandante, no obstante, insistió en la notificación por conducto de la representación legal de la referida institución hospitalaria. El foro de instancia señaló el asunto para vista oral, luego de la cual solicitó memorandos de derecho. Emitió resolución ratificándose en su decisión original.

El hospital, por vía de reconsideración, solicitó entonces imposición de sanciones en virtud de los gastos en que había incurrido por razón de la "temeridad" de la parte demandante. Luego de la celebración de una nueva vista el tribunal de instancia, al concluir que la parte demandante había procedido "con temeridad al sostener insistentemente una conducta contraria a derecho que claramente surgía de las Reglas 40.3 y 4.4 de las de Procedimiento Civil", le impuso a la parte demandante una sanción de $1,000, pagadera la misma a favor del Metropolitan Hospital.

Inconforme, la parte demandante acudió vía *certiorari* ante este Tribunal. En el recurso, en síntesis y en lo pertinente, cuestiona la corrección de la determinación del foro de instancia a los efectos de que la citación del funcionario del Metropolitan Hospital tenga que hacerse bajo la citada Regla 40 y, naturalmente, la procedencia de la sanción de $1,000 que le fuera impuesta. Le concedimos término a Metropolitan Hospital and Nursing Home, Inc. para que mostrara causa por la cual no debía expedirse el auto solicitado y dictarse sentencia revocatoria de la resolución y orden recurrida. Ha comparecido. Resolvemos.

I

■ No obstante la frecuencia con que se suscita ante las distintas salas del tribunal de primera instancia, el asunto de la citación de testigos que no son parte en el pleito para la toma de una deposición, curiosamente el mismo nunca había sido objeto de consideración directa por parte de este Tribunal. Dicho asunto, sin embargo, ni es de difícil solución ni amerita que nos extendamos mucho en su disposición. Una lectura conjunta de las reglas de Procedimiento Civil pertinentes a la materia en controversia —Reglas 27.1, 27.2, 40.1, 40.3, 40.4, 67.1 y 67.2— es suficiente para concluir que cuando se pretende deponer a una persona natural o jurídica que no es parte en el pleito la citada Regla 40 es la que gobierna la situación. Por lo tanto, luego de que se prepare y se notifique a las partes el aviso de toma de deposición, procede el diligenciamiento, por las personas que contempla la Regla 4.3, de la citación que a esos efectos viene obligado a expedir el secretario del tribunal correspondiente, entregándole a la persona citada los gastos de transportación y dietas dispuestos en la Regla 40.3. Esa es, igualmente, la norma imperante en la jurisdicción federal relativa a la Regla 45 de las de Procedimiento Civil federal, el texto de la cual corresponde a la Regla

40 de las nuestras. Véase 9 *Wright & Miller, Federal Practice and Procedure, Civil* Sec. 2458 (1971).

En el presente caso, Metropolitan Hospital and Nursing Home, Inc., había dejado de ser parte en el pleito incoado por sentencia final y firme. En su consecuencia, si la parte demandante interesaba deponer a un funcionario de la referida institución hospitalaria venía obligada a darle cumplimiento a las disposiciones de la citada Regla 40.

## II

La parte demandante peticionaria cuestiona la procedencia jurídica de la imposición de sanciones en esta clase de situaciones. No le asiste la razón. La Regla 34.1 de las de Procedimiento Civil, en lo pertinente, dispone:

*REGLA 34. NEGATIVA A DESCUBRIR LO SOLICITADO Y SUS CONSECUENCIAS*

*34.1. Moción para que se ordene a descubrir lo solicitado*

*Cuando una parte se negare a descubrir lo solicitado, la parte promovente de una moción bajo esta regla,* mediante notificación razonable a todas las personas a quienes pudiere afectar, *podrá requerir del tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado* según se dispone a continuación.

. . . . . . . . .

(d) *Concesión de gastos.* Si se declarare con lugar la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, impondrá a la parte o al deponente que incumplió o a la parte o al abogado que hubiere aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogado, a menos que el tribunal determine que existía justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto.

*Si se declarare sin lugar la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, impondrá a la parte promovente o al abogado que la aconsejó, o a*

*ambos, el pago a la parte o deponente que se opuso a la
moción, del importe de los gastos razonables incurridos en
la oposición a la moción, incluyendo honorarios de abogado,*
a menos que el tribunal determine que existía justificación
válida para presentar la moción o que dentro de las cir-
cunstancias el pago de los gastos resultaría injusto.

Cuando las circunstancias lo justifiquen, el tribunal po-
drá prorratear los gastos incurridos entre las partes o las
personas envueltas, o entre ambas. (Énfasis suplido.)

En el caso de autos, como hemos visto, el funciona-
rio del Metropolitan Hospital se negó a comparecer al acto de
la toma de la deposición que le fuera notificada por la parte
demandante; ésta acudió al tribunal en solicitud de remedio,
aun cuando así no lo hizo constar, bajo las disposiciones de la
transcrita Regla 34. Al oponerse dicha institución, y luego de
celebrar vista, el tribunal declaró sin lugar la moción radicada
por la parte demandante al determinar que el método utili-
zado para lograr la comparecencia del funcionario no era el
correcto. En virtud de lo dispuesto en el segundo párrafo del
inciso (d) de la citada Regla 34.1 el foro de instancia tenía
la facultad incuestionable de imponerle a la parte demandante
la obligación de pagar "a la *parte o deponente* que se opuso a
la moción, [el] importe de los gastos razonables incurridos en
la oposición a la moción, incluyendo honorarios de abogado".
(Énfasis suplido.) (¹)

---

(¹)La Regla 34.1 fue enmendada en el 1979 para adoptar las enmien-
das que en 1970 se hicieron a su contraparte en el ámbito federal, la Regla
37. Informe sometido por el comité sobre procedimiento civil de la Conferen-
cia Judicial de Puerto Rico según revisado por el Secretariado de la Con-
ferencia Judicial, 1978, pág. 102. Sin embargo, al hacer la adaptación en
español a nuestro sistema procesal equivocadamente se utilizó, en la primera
oración de la mencionada Regla 34.1, un lenguaje que parece limitar el uso
de esta regla a la situación en que "*una parte* se negare a descubrir lo soli-
citado". (Énfasis suplido.) Ello obviamente fue un error por cuanto, como
hemos visto, en el segundo párrafo del inciso (d) de la citada Regla se
habla de parte o deponente.

■ Procede señalar, por último, que esta facultad o autoridad del tribunal para obligar a la parte que realizó el descubrimiento a pagar los gastos en que ha incurrido un deponente que no es parte en el pleito emana no sólo de la citada Regla 34.1 sino también de la Regla 23.2 de Procedimiento Civil de 1979.(²) Refiriéndose a la Regla 26(c) federal, de donde proviene nuestra Regla 23.2, el comentarista Moore señala:

> "Rule 26(c) gives the court authority to make orders regarding the expenses of discovery. Courts have used this power to order *payment of discovery expenses incurred by non-parties,* and, in certain circumstances, have ordered payment of a party's expenses for attending depositions of non-party witnesses." 4 *Moore's Federal Practice* Sec. 26.77, págs. 26-493 a 26-495 (1986). (Énfasis suplido.)

## III

No obstante todo lo anteriormente expuesto, consideramos que a la luz de los hechos particulares del presente caso, la suma de $1,000 impuesta por el foro de instancia es excesiva. Entendemos razonable la cantidad de $400, la cual deberá ser satisfecha al Metropolitan Hospital por la representación legal de la parte demandante. *Procede, en su consecuencia, la expedición del auto y que se dicte sentencia modificatoria de*

---

(²)*"Regla 23.2. Ordenes Protectoras*

"A solicitud de parte *o de la persona* en relación con la cual se utiliza el descubrimiento, y por justa causa, el tribunal podrá emitir *cualquier orden que se requiera en justicia para proteger* a dicha parte *o persona* de hostigamiento, perturbación u opresión, *así como de cualquier gasto* o molestia indebido. La orden del tribunal podrá incluir una o más de las siguientes medidas:

. . . . . . . .

"Si la moción solicitando una orden protectora es denegada en todo o en parte, el tribunal podrá, bajo aquellos términos y condiciones que sean justos, ordenar que el solicitante provea o permita el descubrimiento así interesado. *Las disposiciones de la Regla 34 serán de aplicación en lo concerniente a la concesión de gastos y honorarios en relación con dicha moción."* (Énfasis suplido.)

*la resolución y orden recurrida, devolviéndose el caso al foro de instancia para la continuación de los procedimientos.*

El Juez Asociado Señor Hernández Denton concurre en el resultado sin opinión escrita.