EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ángela Alvarado Colón<br><br>      Peticionaria<br><br>            v.<br><br>Luis Guillermo Alemañy Planell<br><br>      Recurrido | Certiorari<br><br>2002 TSPR 91<br><br>157 DPR _____ |

Número del Caso: CC-2001-12

Fecha: 28/junio/2002

Tribunal de Circuito de Apelaciones:
                    Circuito Regional I

Juez Ponente:
                    Hon. Lady Alfonso de Cumpiano

Abogadas de la Parte Peticionaria:
                    Lcda. Dalmaris Betancourt Betancourt
                    Lcda. Margarita Carrillo Iturrino

Abogada de la Parte Recurrida:
                    Lcda. Maritza González Ortiz

Materia: Liquidación de Bienes Gananciales

        Este documento constituye un documento oficial del Tribunal Supremo
        que está sujeto a los cambios y correcciones del proceso de
        compilación y publicación oficial de las decisiones del Tribunal.
        Su distribución electrónica se hace como un servicio público a la
        comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángela Alvarado Colón

    Peticionaria

       vs.                  CC-2001-12       Certiorari

Luis Guillermo Alemañy
Planell

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 28 de junio de 2002.

**Tenemos la ocasión para precisar nuestro dictamen en <u>Sucn. Santaella v. Srio. de Hacienda</u>, 96 D.P.R. 442 (1968), sobre el derecho que tiene la sociedad legal de bienes gananciales a un crédito por el incremento en el valor de un bien privativo, cuando dicho aumento en valor se debió a la labor y esfuerzo de uno o ambos cónyuges.**

I

**La peticionaria, Ángela Alvarado Colón (en adelante Alvarado) y el recurrido, Luis Guillermo Alemañy Planell (en lo sucesivo Alemañy), estuvieron casados bajo el régimen de la sociedad legal de bienes gananciales desde el 8 de octubre de 1972 hasta el 22 de mayo de 1998, fecha en que se disolvió el vínculo matrimonial mediante una sentencia de divorcio. Al año siguiente de**

dictarse la referida sentencia, la peticionaria presentó una demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y solicitó la liquidación de la comunidad de bienes que existía entre ellos. En particular, reclamó la participación en el cien por ciento (100%) de las acciones y activos de la corporación Insular Supplies Co., Inc., (en adelante, Insular). En la contestación a la demanda, Alemañy negó que Insular fuese un activo a dividirse.

Al iniciarse el descubrimiento de la prueba, la peticionaria le cursó un interrogatorio y un requerimiento de documentos al recurrido mediante los cuales le solicitó determinada información relacionada con la corporación referida, particularmente sobre sus activos, pasivos, cuentas en instituciones bancarias y de corretaje, planillas de volumen de negocios y líneas de crédito, entre otras cosas. En oposición, Alemañy solicitó una orden protectora y sostuvo que el descubrimiento de la prueba aludido era improcedente porque el caudal ganancial a dividirse se circunscribía a aquellos bienes adquiridos durante el matrimonio. Indicó que las acciones corporativas le pertenecían privativamente debido a que había adquirido a Insular antes de contraer matrimonio con la peticionaria.[1]

Por su parte Alvarado, en desacuerdo con la alegación referida de Alemañy, replicó que la solicitud de descubrimiento de la prueba en cuestión era legítima y necesaria para poder establecer su derecho a participar en las ganancias no distribuidas de la corporación, así como para establecer el aumento en el valor de dicha corporación. Adujo que durante el tiempo en que ella y Alemañy estuvieron casados hubo un incremento significativo y sustancial en el valor del negocio, el cual se debió a la industria o trabajo de ambos cónyuges,

**por lo que los resultados económicos de tal industria o trabajo eran de naturaleza ganancial. Sostuvo Alvarado que trabajó para Insular en diversas funciones y capacidades, y que había ocupado posiciones como la de tesorera y secretaria de la corporación, entre otras. Además, especificó que se trataba de una corporación íntima o familiar cuyo único accionista era Alemañy.**

Luego de varios otros trámites procesales, el tribunal instancia dictó una resolución mediante la cual denegó el descubrimiento de la prueba en cuestión. Citando el caso de Sucn. Santaella v. Srio. de Hacienda, 96 D.P.R. 442 (1968), sostuvo que la referida corporación era un bien privativo perteneciente a Alemañy, y que su carácter privativo no varió durante el tiempo en que las partes estuvieron casados. Determinó que no era pertinente que las partes hubiesen estado casados durante veintiséis años porque la corporación era y siguió siendo siempre un bien privativo de Alemañy. Finalmente, resolvió que era inmaterial si la corporación había declarado dividendos o no porque ello no controvertía su naturaleza privativa. Concluyó, también, que Insular era un tercero con personalidad jurídica propia. Oportunamente, la peticionaria presentó una moción de reconsideración y solicitó determinaciones adicionales de hecho y de derecho. El foro de instancia denegó de plano estas peticiones.

Inconforme con el dictamen referido, Alvarado acudió ante el Tribunal de Circuito de Apelaciones mediante una petición de *certiorari*. En síntesis, alegó que el foro de instancia había errado al no distinguir el caso de autos del de Sucn. Santaella v. Srio. de Hacienda, *supra*, y al denegar, por ende, el descubrimiento de la prueba en cuestión. Adujo, además, que el foro de instancia había errado al

---

[1] Alemañy adquirió a Insular como parte de la división de la comunidad de bienes gananciales que tuvo constituida con su primera

determinar que Insular tenía personalidad jurídica propia, sin haber considerado que la referida corporación era un *alter ego* de Alemañy.

**Luego de los trámites de rigor, el 6 de noviembre de 2000 el Tribunal de Circuito de Apelaciones dictó una sentencia y revocó la resolución del foro de instancia. Resolvió que para determinar si procedía el descubrimiento de la prueba con respecto a Insular, el tribunal de instancia tenía que pasar juicio sobre los alegados esfuerzos y participación de Alvarado en la plusvalía de las acciones corporativas. Es decir, que para adjudicar lo relativo al descubrimiento de la prueba era necesario dilucidar antes, la participación y esfuerzo de Alvarado, sí alguno, en el incremento en valor de las acciones de Insular. Señaló que la sociedad de bienes gananciales tendría un crédito a su favor, si la peticionaria lograba probar que aportó con su trabajo al aumento en el valor de la corporación. El foro apelativo devolvió el caso al tribunal de instancia para que reevaluara la solicitud de descubrimiento de la prueba a la luz de la prueba presentada por las partes.**

Insatisfecha también con esta determinación, Alvarado recurrió ante nos el 4 de enero de 2001, y alegó la comisión de los siguientes errores:

1– Incidió el Tribunal de Circuito de Apelaciones al condicionar el descubrimiento de prueba en cuanto a una corporación íntima cuyo único accionista es el recurrido, a que la peticionaria primero aporte prueba respecto a que hubo incremento en el valor de la corporación y establecer que tal incremento se debió a la industria o esfuerzos de ella.

2– Es erróneo el dictamen del Tribunal de Circuito de Apelaciones al resolver que la sociedad de gananciales tiene un crédito o reembolso por el aumento en valor en un bien privativo del recurrido si la peticionaria establece que dicho aumento en valor se debió únicamente a sus esfuerzos o trabajo, como consecuencia de que resolviera que el trabajo del recurrido pertenece a la corporación, ignorando así la

esposa.

norma de que el crédito procede también cuando cualquiera de los cónyuges es irrazonablemente compensado.

El 2 de febrero de 2001 expedimos el recurso solicitado para revisar la sentencia emitida por el foro apelativo. La peticionaria presentó su alegato el 4 de abril de 2001; el recurrido presentó el suyo el 4 de mayo de 2001. Con el beneficio de la comparecencia de las partes, pasamos a resolver.

## II

Examinemos primero el segundo señalamiento de error de la peticionaria, por su pertinencia con respecto al primero. Alegó Alvarado que el foro apelativo había errado al resolver que la sociedad de gananciales sólo tendría derecho a un crédito, si la peticionaria lograba establecer que el aumento en el valor de las acciones de Insular se había debido a su propia aportación o trabajo en dicho negocio. Por el contrario, la peticionaria sostiene que la anterior sociedad de gananciales que tenía constituida con Alemañy tendría derecho al crédito correspondiente si se prueba en su día que dicho aumento fue producto de su propio trabajo o del de su ex-cónyuge quien, según alega, fue irrazonablemente compensado por sus esfuerzos.

Como se sabe, el Art. 1301 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3641, dispone en lo pertinente que serán bienes gananciales

> **"los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos".**

La citada disposición establece uno de los principios medulares de nuestro ordenamiento jurídico en lo que se refiere a qué bienes son de naturaleza ganancial. Se trata de una norma fundamental del derecho civil que aparecía ya en La Novísima Recopilación dada por Don Enrique

IV en Nieva en 1473. Manresa, *Comentarios Al Código Civil Espa*ñol, Tomo IX, Sexta Ed., Reus, Madrid, 1969, pág. 678.

La doctrina civilista tiene bien establecido que el referido principio **<u>no admite exclusión de ninguna clase</u>**. Así lo afirma expresamente Manresa, en la cita anterior, pág. 680, y añade lo siguiente:

> **"ya se trate de un jornal o salario devengado periódicamente por trabajos manuales de más o menos importancia, ya de sueldos, honorarios o derechos en el ejercicio de un cargo o profesión, ya de los productos de una empresa industrial o mercantil, ya de una recompensa por obras o servicios, ya sean los trabajos industriales, agrícolas, comerciales, científicos, artísticos o literarios, ya, en fin, se obtengan los beneficios por uno solo de los cónyuges o por ambos, todo es ganancial y todo se entiende pertenecen por mitad tanto al marido como a la mujer."**

Véase, además, F. Puig Peña, *Compendio de Derecho Civil Español*, Tomo V, 3ra. edición, Pirámide, Madrid, 1976, pág. 155; J. Castán Tobeñas, *Derecho Civil Español*, Tomo V, Vol. I, 12mo. edición, Reus, Madrid 1994, pág. 453.

El principio general mencionado antes se aplica específicamente al aumento en valor de los bienes de los cónyuges. Puig Brutau lo explica así en su reputada obra *Fundamentos de Derecho Civil*, Tomo IV, 2da. edición, Bosch, Barcelona, 1985, pág. 135:

> **"Las plusvalías o incrementos de valor que experimentan los bienes por efecto del trabajo o de la actividad de alguno de los cónyuges son gananciales por consistir en algo que se ha obtenido con el trabajo..."**

El profesor R. Serrano Geyls en *Derecho de Familia de Puerto Rico*, Vol. I, San Juan, 1997, págs. 355-356 lo señala así:

> **"Los bienes privativos de cada cónyuge pueden aumentar en valor durante el matrimonio... La regla ha sido que el aumento en valor, producido con anticipos de la sociedad ganancial o por la industria o trabajo de ambos o de cualquiera de los cónyuges, pertenece a la sociedad."**

En Sucn. Santaella v. Srio. de Hacienda, *supra*, tuvimos la ocasión para expresarnos en torno precisamente a la naturaleza privativa o ganancial de la plusvalía de acciones corporativas privativas. La controversia en dicho caso surgió porque entre los bienes del caudal relicto del causante había una cantidad de acciones de distintas corporaciones. Las referidas acciones habían sido adquiridas a través de permutas con bienes inmuebles pertenecientes privativamente al causante. El causante había fallecido sólo once meses después de haber adquirido así las acciones en cuestión. Cuando el Secretario de Hacienda fijó la contribución correspondiente a dicha herencia, determinó que las acciones, tanto su costo original como su incremento en valor, eran privativas. Inconforme con ese dictamen, la sucesión lo impugnó ante el foro judicial y alegó que la plusvalía en las acciones era de carácter ganancial.

Allí reconocimos el principio de que el aumento en el valor de las acciones privativas, provocado por el **mero transcurso del tiempo, o por otras causas que no fuesen el esfuerzo de alguno de los cónyuges o a costa del caudal común**, era de naturaleza privativa. Aplicándolo a las acciones concretas del caso, señalamos que no existía prueba allí de que la plusvalía de las acciones en cuestión se debía a la industria o esfuerzo del causante. Hicimos hincapié en que visto el breve espacio de tiempo que había transcurrido entre la adquisición de dichas acciones por el causante y su fallecimiento, era improbable que el aumento en el valor de las acciones se debiera a gestiones del causante. Resolvimos, pues, que la plusvalía de dichas acciones eran de carácter privativo. Amparamos el dictamen particular de dicho caso en lo resuelto en Beals v. Fontenot, 111 F.2d. 956 (5th Cir. 1940), originado en el estado de Louisiana, en el cual se estableció que el incremento en el valor de un bien privativo beneficia a la sociedad legal de

ganaciales cuando dicho aumento se debió a la industria o esfuerzo no compensado de alguno de los cónyuges; pero que si el cónyuge referido había sido bien compensado por esa labor, entonces, nada podría reclamar la sociedad de ganaciales al cónyuge propietario del bien.

Debe señalarse que, luego de Beals v. Fontenot, *supra*, en el propio estado de Louisiana se resolvió el caso de Krielow v. Krielow, 635 So.2d 180 (1994), en el cual el Tribunal Supremo de Louisiana reitera la norma referida de que la sociedad legal de ganaciales tiene derecho a un crédito en la plusvalía del bien privativo, si dicho incremento en valor fue causa de la labor y esfuerzo de alguno de los cónyuges y, dicha labor no fue compensada o fue irrazonablemente compensada.

En resumen, pues, la norma establecida en Sucn. Santaella v. Srio. de Hacienda, *supra*, que es enteramente cónsona con la doctrina civilista, le confiere carácter privativo o ganancial al aumento de valor de unas acciones corporativas dependiendo de **la causa o razón del referido aumento de valor**. Si el aumento es el resultado sólo del transcurso del tiempo, éste beneficia únicamente al propietario de las acciones. En cambio, si el aumento resulta del esfuerzo no propiamente compensado de ambos o de alguno de los cónyuges, entonces es de carácter ganancial. La cuestión se resolverá conforme a la prueba que se presente sobre el particular.

Con lo anterior en mente, pasemos al examen del primer error alegado por la peticionaria.


III

En su primer señalamiento de error, Alvarado nos plantea que el foro apelativo erró al exigirle, previo al descubrimiento de la prueba, que demuestre que hubo un aumento en el valor de la corporación y que tal incremento se debió a su industria, trabajo o esfuerzo. Aduce que

no puede cumplir con dicha carga probatoria antes del descubrimiento de la prueba debido a que la evidencia pertinente con relación al aumento en el valor de la corporación obra en poder del recurrido. Señala, en efecto, que no se puede condicionar el descubrimiento de la prueba que interesa a que demuestre antes precisamente aquello para lo cual necesita la prueba que interesa descubrir.

**Reiteradamente hemos expresado la importancia de que el descubrimiento de la prueba sea amplio y liberal. Su propósito es que aflore la verdad de lo ocurrido evitando así los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día del juicio las cuestiones y los hechos que en realidad son objeto del litigio. <u>Medina v. M.S.& D. Química P.R. Inc.</u>, 135 D.P.R. 716, 730 (1994); <u>Sierra v. Tribunal Superior</u>, 81 D.P.R. 554, 560 (1959). Hemos dicho que el descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanto mina la fe del pueblo en el sistema judicial". <u>Aponte v. Sears Roebuck de P.R., Inc.</u>, 129 D.P.R. 1042, 1049 (1992); <u>Luch v. España Service Sta.</u>, 117 D.P.R. 729, 743 (1986); <u>Ades v. Zalman</u>, 115 D.P.R. 514, 517 (1984).**

De conformidad con la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R 23.1, el descubrimiento de prueba sólo tiene dos limitaciones, a saber: que la información objeto del descubrimiento no sea privilegiada, y que la misma sea pertinente al asunto en controversia. En relación con el concepto de pertinencia, hemos expresado que éste es mucho más amplio que el empleado en el área del derecho probatorio para la admisibilidad de la prueba. <u>García Rivera et al. v. Enriquez</u>, res. el 2 de febrero de 2001; 153 D.P.R.___; 2001 TSPR 12; 2001 JTS 15; <u>Medina v. M.S.&D. Química P.R. Inc.</u>, *supra;* <u>Ortiz Rivera v. E.L.A., National Ins. Co.</u>, 125 D.P.R. 65, 70 (1989); <u>General</u>

Electric v. Concessionaires Inc., 118 D.P.R. 32, 40 (1986). Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de que tenga relación con el asunto en controversia. Medina v. M.S.& D. Química P.R. Inc., *supra*; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212 (1982). En virtud de lo anterior, "el descubrimiento de prueba permite, inclusive, la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible". (Citas omitidas). García Rivera et al. v. Enriquez, *supra.*

Precisamente, en relación con la amplitud del descubrimiento de prueba en casos de división de comunidad de bienes, la tendencia doctrinaria en los Estados Unidos, de donde procede esta institución procesal, ha sido la de reconocerle al ex-cónyuge que no es accionista de una corporación el derecho al descubrimiento de la prueba. Así pues, en Gerson v. Gerson, 372 A.2d 374 (N.J. Super. Ch., 1977), en el cual un ex-cónyuge había aducido la personalidad jurídica distinta y separada de la corporación en la que poseía la mitad de las acciones como defensa para negarle el descubrimiento de la prueba al otro ex-cónyuge, el Tribunal Superior de Nueva Jersey concluyó que:

> "[t]he corporate form should not be used as a shield behind which parties can conceal assets from the intent of our equitable distribution statutes. The form of ownership a husband chooses for his business ventures should not deprive the wife of the discovery to which she would otherwise be entitled".

Véase también, Gellman v. Gellman, 553 N.Y.S. 2d 705 (N.Y.A.D. 1 Dept., 1990); Ruggiero v. Ruggiero, 474 N.Y.S.2d 133 (N.Y.A.D. 2 Dept., 1984); Lytton v. Lytton, 289 So.2d17 (Fla.App. 1974); Elkins v. Elkins, 249 So.2d 443 (Fla.App. 1971). Cabe señalar que en todos estos casos los respectivos tribunales permitieron la toma de deposiciones y la producción de documentos corporativos como mecanismos para el

descubrimiento de la prueba, a favor de la parte que no poseía acciones en las corporaciones en cuestión.

En el caso de autos, la peticionaria ha señalado que previo al descubrimiento de la prueba que interesa, no tiene en su poder los documentos necesarios para establecer la naturaleza del incremento en el valor de las acciones corporativas. Lo único que obra en su poder son algunas de las planillas corporativas de Insular, las cuales obtuvo en el Registro de Corporaciones del Departamento de Estado. Ha alegado, además, que para probar la naturaleza del incremento en valor de las acciones, y si el mismo se debió o no a las fuerzas naturales del mercado, o por el contrario a la industria de los cónyuges, es necesario tener acceso a documentos corporativos, tales como los libros de contabilidad, estados financieros y libros de nóminas, entre otros. Ha planteado que aunque trabajó para Insular ocupando varios puestos directivos, el salario que devengó fue nominal y que no era proporcional a sus tareas y a las posiciones ocupadas. Igualmente, ha alegado que el salario que el propio recurrido informaba como devengado nunca fue cónsono ni proporcional a sus tareas como presidente de la corporación.

Por otro lado, en su comparecencia ante nos, Alemañy alegó que la peticionaria sólo trabajó para la corporación por dos años, recibiendo salarios y beneficios marginales por sus servicios. Además, adujo que el incremento en el valor de las acciones corporativas no se debió al esfuerzo de la peticionaria.

Surge de los documentos que obran en autos, que Alemañy siempre ha sido el único accionista de Insular, y que es su presidente e igualmente su gerente general y director. Surge, además, de las planillas de contribuciones sobre ingresos que aparecen en el expediente del caso, que Alemañy informó haber devengado en 1997 un salario de sólo $11,000 y de $14,209 en 1998.

De lo anterior es claro que en el caso de autos existe una controversia real sobre el impacto que puedan haber tenido los esfuerzos de ambas partes con respecto al incremento en el valor del negocio privativo. Es claro también que la prueba que la peticionaria interesa descubrir no sólo es pertinente, sino, además, que está estrechamente relacionada con el asunto en controversia.

**A la luz de lo anterior, es patentemente erróneo resolver, como lo hizo el foro apelativo, que la peticionaria estaba obligada inicialmente a establecer que hubo un incremento en el valor de la corporación, y que dicho incremento se debió a la industria, esfuerzo y trabajo de ella, para que entonces proceda el descubrimiento de prueba. No tiene mucha lógica ni sentido jurídico decir que es obligatorio demostrar *prima facie* la necesidad de un descubrimiento de prueba precisamente mediante la evidencia que se interesa obtener de ese descubrimiento. Debe tenerse en cuenta, que si la peticionaria pudiera probar que el incremento en valor de las acciones corporativas se debió a sus aportaciones o a las de su ex-esposo, la sociedad de gananciales tendría un crédito a su favor, y la peticionaria no tendría necesidad de descubrir prueba, pues con lo ya probado habría establecido también los méritos de su caso.**

IV

**Finalmente, consideremos ahora lo determinado por el foro de instancia y alegado por Alemañy ante nos, a los efectos de que Insular es un tercero con personalidad jurídica propia y por lo tanto no procede el descubrimiento de la prueba en cuanto a la referida corporación. No tiene razón en su planteamiento. Nuestro ordenamiento procesal civil claramente autoriza el descubrimiento de la prueba en situaciones como éstas.**

La Regla 27.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 27.1, establece la toma de deposiciones como uno de los mecanismos para el descubrimiento de la prueba. Dicha Regla no contiene limitaciones sobre a quiénes se les puede tomar las deposiciones. Sólo expresa que se autoriza el examen a "cualquier persona", por lo que no es requisito ser parte en el pleito o haber sido anunciado como testigo en éste. García Rivera et al. v. Enríquez, *supra*; Ades v. Zalman, 115 D.P.R. 514, 518 (1984); José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, 1ra ed., Publicaciones JTS, 2000, pág. 517. Por otro lado, nuestro ordenamiento procesal civil le permite al deponente solicitar órdenes protectoras en caso de tener, con justa causa, alguna objeción en cuanto a algún aspecto de la deposición o de la forma de tomar la misma. Véase, Regla 23.2 y Regla 28.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Medina v. M.S. & D. Química P.R., Inc., *supra*; Vellón v. Squibb Mfg. Inc., 117 D.P.R. 838, 849 (1986).

Por su parte, la Regla 27.2 de Procedimiento Civil establece, entre otras cosas, que el aviso de toma de deposición a un deponente que no sea parte en el pleito, podrá ir acompañado de un requerimiento para la producción de documentos u objetos. En lo pertinente, la referida regla indica que:

> [...] Si el deponente no es una parte y se le notifica una citación para la producción de documentos u objetos en ocasión de la toma de deposición, estos documentos u objetos deben ser relacionados en la notificación a las partes [...].

En casos donde se interesa la toma de deposiciones a corporaciones u organizaciones, la Regla 27.5 de Procedimiento Civil establece que la parte que pretenda tomar una deposición a cualquier corporación pública o privada o a cualquier otra entidad, debe reseñar cuáles son

las materias específicas que se propone examinar. Por su pertinencia al caso de autos citamos *in extenso* lo dispuesto en la referida Regla.

> **En la notificación para la toma de deposición o en la citación al efecto, una parte podrá señalar como deponente a cualquier corporación pública o privada o a cualquier sociedad, asociación o agencia gubernamental, describiendo con razonable particularidad las cuestiones sobre las cuales se interesa el examen. En ausencia de especificación por la parte interesada en cuanto a la persona a ser examinada, la organización señalada nombrará uno o más oficiales, directores, agentes o cualquier otra persona que testifique en su nombre, y podrá señalar las materias sobre las cuales testificará cada persona en su representación. Si la organización no fuere parte en el litigio, la citación deberá advertir su deber de hacer tal nombramiento o designación. La persona nombrada testificará sobre las cuestiones disponibles a la organización o las conocidas por ésta.**

> **Esta regla no impedirá la toma de una deposición por cualquier otro medio autorizado. 32 L.P.R.A. Ap. III R. 27.5**

En Castro v. Metropolitan Hospital, 118 D.P.R. 142, 145 (1986) resolvimos que una lectura conjunta de las reglas de Procedimiento Civil pertinentes a la citación para la toma de una deposición de testigos que no son parte en el pleito, era suficiente para concluir que cuando se pretende deponer a una persona natural o jurídica que no es parte en el pleito, la Regla 40 es la que gobierna la situación. La referida Regla 40 regula la forma de citación de testigos. La Regla 40.1 dispone que:

> Toda citación se expedirá por el secretario bajo su firma y con el sello del tribunal con especificación de la sala, el título y número del pleito y ordenará a toda persona a quien vaya dirigida, que comparezca y preste declaración en la fecha, hora y lugar especificados en la misma.

Por lo tanto, como Insular es una persona jurídica que no es parte en el pleito le aplica lo dispuesto en la citada Regla 40. Por ello, luego de que se prepare y se notifique a las partes el aviso de toma de deposición, procede el diligenciamiento de la citación

que a esos efectos viene obligado a expedir el secretario del tribunal correspondiente. "Esa es, igualmente, la norma imperante en la jurisdicción federal relativa a la Regla 45 de las de Procedimiento Civil federal, el texto de la cual corresponde a la Regla 40 de las nuestras". <u>Castro v. Metropolitan Hospital</u>, *supra,* a la pág. 145.

A la luz de todo lo antes expuesto, resolvemos, pues, que la peticionaria tiene derecho a descubrir la prueba en cuestión, sin la carga probatoria decretada por el foro apelativo para ello, aún cuando parte de dicho descubrimiento esté dirigido a la corporación, que es un tercero con personalidad jurídica propia.


IV

Por los fundamentos antes expuestos, procede que se revoque el dictamen emitido por el foro apelativo el 6 de noviembre de 2000 y el dictamen del foro de instancia el 19 de junio de 2000; y que se devuelvan los autos al tribunal de instancia para que continúen los procedimientos conforme con lo resuelto aquí.

Se dictará sentencia de conformidad.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángela Alvarado Colón

    Peticionaria

       vs.                  CC-2001-12        Certiorari

Luis Guillermo Alemañy Planell

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2002.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se revoca el dictamen emitido por el foro apelativo el 6 de noviembre de 2000 y el dictamen del foro de instancia el 19 de junio de 2000; y se devuelven los autos al tribunal de instancia para que continúen los procedimientos conforme con lo resuelto aquí.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre sin opinión escrita. El Juez Presidente señor Andréu García no interviene.

**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**