ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **ROGELIO SANCHEZ MARTINEZ**<br><br>Parte Recurrida<br><br><br>v.<br><br><br>**MUNICIPIO AUTONOMO DE CAROLINA Y OTROS**<br><br>Parte Peticionaria | **KLCE202301302** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.: **CA2018CV02827 (401)**<br><br>Sobre:<br><br>**Prohibición sobre Represalias contra el Empleado** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece el Municipio Autónomo de Carolina (en adelante Municipio o peticionaria) y solicita que revisemos varias órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante TPI-Carolina. Entre ellas, una orden emitida y notificada el 19 de octubre de 2023, donde el TPI-Carolina sostuvo la decisión de permitir la deposición al Hon. José Carlos Aponte Dalmau.[1] La Peticionaria solicitó una *Reconsideración* a la misma que fue denegada por el Foro a *quo* el 15 de septiembre de 2023.

Por otro lado, la parte peticionaria solicita la revocación de la orden emitida el 19 de octubre de 2023, donde se sostuvo la determinación y añadiendo determinaciones, en relación con el carácter en que se representa al codemandado Jesús Morales Trujillo. Dicha orden fue notificada el 20 de octubre de 2023.[2]

---

[1] Apéndice del Recurso de *Certiorari*, pág. 67.
[2] *Id.* pág. 275 a, 275 b

Número Identificador
RES2023_____

Hacemos constar que, el 2 de noviembre del año de 2023, la peticionaria radicó un *Certiorari* ante este Tribunal mediante una *Moción en Auxilio de Jurisdicción* solicitando una Petición de Revocación y Paralización de los Procedimientos.[3] Este Tribunal ordenó mediante Resolución declarando "Ha lugar" la "Moción de Auxilio de Jurisdicción" y paralizando los trámites ante el Foro Primario.[4] Posteriormente, este Tribunal denegó el recurso solicitado y dejo sin efecto la paralización mediante *Resolución* emitida el 19 de diciembre de 2023.

Por los fundamentos que se exponen a continuación, *se deniega* el auto de *Certiorari* solicitado.  Veamos.

**I.**

El 12 de octubre de 2018, el señor Rogelio Sánchez Martínez, en adelante Sánchez Martínez o recurrido, instó una demanda en contra de la parte peticionaria, sobre la Ley Núm. 115-1991, 29 LPRA sec. 194 *et seq,* mejor conocida como la Ley de Represalias. En esencia, alegó que trabajó en el Municipio Autónomo de Carolina desde el 3 de agosto de 2012, hasta el 31 de diciembre de 2017. Para entonces, ocupaba el puesto de conductor de vehículos de motor pesado. Adujo que fue despedido en represalia por unas presuntas quejas presentadas ante el Alcalde del referido Municipio.

Como parte del proceso de descubrimiento de prueba, las partes habían establecido fecha para las deposiciones de los testigos. El Municipio proveyó las fechas disponibles para que fueran depuestos los testigos, a saber, el 18 y 25 de octubre de 2023, 8, 9 y 13 de octubre de 2023. Así las cosas, el 8 de septiembre de 2023, Sánchez Martínez por conducto de su representación legal, envió un *Aviso de Toma de Deposición Oral Duces Tecum*, dirigido al Alcalde, con fecha para la deposición para el 18 de octubre de 2023

---

[3] Recurso de *Certiorari* KLCE202301213.
[4] *Id.*

y 8 de noviembre de 2023, a las 10:30 am.[5] Dicho aviso incluía el lugar en donde se realizarían las deposiciones, esto es, en la oficina del representante legal de Sánchez Martínez en Utuado. Dicho aviso fue remitido a la representación legal del Municipio con idéntico contenido dirigido al señor Jesús Morales Trujillo, codemandado, citado el 18 de octubre de 2023 y 8 de noviembre de 2023, a la 1:30 pm en Utuado.

Así las cosas, el **13 de octubre de 2023**, el Municipio informó mediante *Moción Urgente en Solicitud de Orden*, que el Alcalde tendría compromisos en las fechas provistas por ellos mismos, y que se le hacía muy oneroso comparecer a la deposición, por lo que solicitaron el traslado de la deposición al Municipio de Carolina o a otro lugar.[6] El TPI- Carolina autorizó el traslado y le proveyó un término a Sánchez Martínez para que justificara una razón de peso para no trasladar a Carolina la deposición.[7] El recurrido se opuso oportunamente y el Municipio replicó mediante un escrito intitulado *Moción Urgente Oposición a Mociones del Demandante y Moción de Reconsideración*, alegando ciertos requisitos para justificar la deposición del Alcalde.[8]

Mediante Orden emitida por el TPI- Carolina, el 19 de octubre de 2023 y notificada el 20 de octubre de 2023, el Foro Primario sostuvo la determinación de la deposición del Alcalde, a ser llevada a cabo en el Municipio de Carolina.[9]

Simultáneamente a esos incidentes procesales sobre las deposiciones de la parte demandada-peticionaria, el 18 de septiembre de 2023, el Foro de Instancia, a petición del Municipio, le impuso una fianza a la parte demandante quien reside fuera de

---

[5] Apéndice XXXIII del Recurso de *Certiorari*, pág. 132.
[6] *Id.* Apéndice XLVII, pág.180-185.
[7] *Id.* Apéndice XLIX, pág. 192.
[8] *Id.* Apéndice LI, pág. 196-205
[9] Id. Apéndice LXIII, pág. 275 A- 275B.

Puerto Rico para garantizar las costas, gastos y honorarios de abogados a los que pueda ser condenado bajo la Regla 69.5, de las de Procedimiento Civil. Posteriormente esta orden fue reconsiderada por el TPI-Carolina, toda vez que la imposición de fianza de no residente, bajo la Regla 69.5, *supra*, va en contravención de las leyes laborales, tales como la Ley de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA 3118 *et seq.* De la misma forma, el Foro Primario aseveró, que el Artículo 2 de la Ley que Regula la Concesión de Honorarios de Abogado en los Casos de Reclamaciones de Trabajadores o Empleados contra sus Patronos, Ley Núm. 402 de 12 de mayo de 1950, 32 LPRA sec. 3115, detallaba que cuando se dicte sentencia a favor del patrono o querellado, no se condenará al empleado querellante al pago de honorarios de abogado. Así pues, sostuvo que la Regla 69. 5, *supra*, iba en contra de los objetivos que perseguían las leyes laborales. En virtud de lo anterior, el recurrido solicitó al tribunal que reconsiderara la fianza impuesta. El 2 de octubre de 2023, notificada, el 3 del mismo mes y año, el Foro Primario emitió una *Orden* en la que declaró *Con Lugar* la solicitud de reconsideración y dejó sin efecto la fianza impuesta.

Inconforme con dicha determinación, el 2 de noviembre del 2023, la parte peticionaria acudió ante nos, cuestionando la orden donde se dejó sin efecto la determinación de requerirle fianza de no residente a la parte demandante. A su vez, nos solicitó la paralización de los procedimientos mediante una *Moción en Auxilio de Jurisdicción*, hasta la disposición final del recurso de epígrafe.

Como mencionáramos, evaluada la petición, el 3 de noviembre de 2023, emitimos una *Resolución* en la que declaramos *Con Lugar* la solicitud de auxilio de jurisdicción y ordenamos la paralización de los procedimientos en el Tribunal de Primera Instancia. A su vez, solicitamos a la parte recurrida a presentar su

posición conforme dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37.

Posteriormente, mediante *Resolución* emitida el 19 de diciembre de 2023, denegamos la expedición del *auto solicitado* y se dejó sin efecto la paralización de los procedimientos que fuera emitida el 3 de noviembre de 2023. El caso fue devuelto al TPI-Carolina para la continuidad de los procedimientos.

No obstante, quedando pendiente la controversia de las deposiciones, e inconforme con el proceder del Foro Primario, el Municipio recurre ante este Foro y en su recurso le imputa al TPI-Carolina sendos señalamientos de errores:

> **PRIMERO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR LA DEPOSICIÓN DEL ALCALDE DE CAROLINA DADO A QUE EL RECURRIDO NO CUMPLIÓ CON LA NORMATIVA Y LOS CRITERIOS QUE SE REQUIEREN CUANDO SE CITA A UN FUNCIONARIO DE ALTO NIVEL.
>
> **SEGUNDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR LA DEPOSICIÓN DEL ALCALDE DE CAROLINA SIN TOMAR EN CONSIDERACIÓN QUE EL ALCALDE YA HABIA SIDO NOTIFICADO DE UN REQUERIMIENTO DE ADMISIONES Y DE UN REQUERIMIENTO DE ADMISIONES (SIC).
>
> **TERCERO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL COMETER ABUSO DE DISCRECIÓN AL AUTORIZAR LA DEPOSICIÓN DEL ALCALDE DE CAROLINA SIN TOMAR EN CONSIDERACIÓN EL DERECHO APLICABLE, EL INCUMPLIMIENTO DEL RECURRIDO CON EL MISMO, EL EXPEDIENTE JUDICIAL Y LAS CIRCUNSTANCIAS HABIDAS EN EL CASO.
>
> **CUARTO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LOS REPRESENTANTES LEGALES DEL MUNICIPIO NUNCA DISTINGUIERON LA CAPACIDAD BAJO LA CUAL ASUMÍAN LA REPRESENTACIÓN LEGAL DEL CODEMANDADO, QUE EL MUNICIPIO ES RESPONSABLE DE CITARLO PARA LA DEPOSICIÓN CON LAS CONSECUENCIAS QUE SU INCUMPLIMIENTO PUEDA CONLLEVAR, QUE TIENE CONTROL DE UN TESTIGO QUE YA NO ES EMPLEADO, QUE ERRÓ AL PERMITIR QUE SE NOTIFIQUEN REQUERIMIENTOS DE ADMISIONES

Y DE PRODUCCIÓN DE DOCUMENTOS DIRIGIDOS A DICHO TESTIGO, POR CONDUCTO DE LOS REFERIDOS ABOGADOS, COMO SI SE HUBIESE SOMETIDO A LA JURISDICCIÓN Y LO REPRESENTARAN EN CARÁCTER PERSONAL.

La parte recurrida compareció el 2 de enero en su Recurso de Oposición.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la

justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluara tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

*Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

**B. Descubrimiento de Prueba**

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R 23.1 (2009). El descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanta mina la fe del pueblo en el sistema judicial". *McNeil Healthcare, LLC v. Municipio de Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65; 212 DPR___ (2023); *Alvarado v. Alemany*, 157 DPR 672, 682 (2002). El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". (Citas omitidas).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Torres González v. Zaragoza Meléndez*, supra; *Rivera y otros v. Bco. Popular*, supra (2000). Este criterio también

concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 659, 672 (2021); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial ha reiterado que **el alcance del descubrimiento de prueba es amplio y liberal**. *Torres González v. Zaragoza Meléndez*, supra, *Cruz Flores v. Hospital Ryder Memorial Inc.* 210 DPR 465, 29 (2022). *McNeil Healthcare v. Mun. Las Piedras II,* supra; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.,* 198 DPR 1040, 1054-55 (2017). (Énfasis suplido).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, supra.   De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que **los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento**, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Cruz Flores v. Hospital Ryder Memorial Inc.,* supra. (Énfasis suplido).

**III**

La parte peticionaria recurre ante nos solicitando que dejemos sin efectos las órdenes emitidas por el TPI-Carolina, atacando el *proceso del descubrimiento de prueba* donde se ordenó la deposición del Alcalde de Carolina. Sin embargo, el descubrimiento de prueba no constituye un asunto a ser evaluado bajo la Regla 52.1 de las de Procedimiento Civil, supra, ni constituye un fracaso de la justicia.

Luego de analizar la Regla 52.1, antes citada y habida cuenta de que, entendemos que no medió pasión, prejuicio, parcialidad o error manifiesto, y que el criterio rector se basa en la razonabilidad, encontramos que no surge evidencia suficiente que pruebe las alegaciones de la parte peticionaria y rebata la presunción de corrección que merece nuestra deferencia hacia el Foro Primario.

En virtud de lo anterior, y luego de un examen sosegado del expediente ante nos, *denegamos* expedir el auto.

**IV**

Por los fundamentos que anteceden, se *deniega* el auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones