Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| RICARDO HERNÁNDEZ ROSSY<br><br>Demandante-Peticionario<br><br>Vs.<br><br>BRIDGE SECURITY SERVICES, INC. Y OTROS<br><br>Demandado-Recurrido | KLCE202400272 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2020CV03447<br><br>Sala: 505<br><br>Sobre: Daños y otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la parte peticionaria, Ricardo Hernández Rossy, (en adelante, "parte peticionaria" o "Sr. Hernández Rossy") para solicitarnos que se revisen las *Resoluciones* emitidas el 31 de enero de 2024 y notificadas el 1 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (en adelante, "TPI" o "Foro Recurrido") en las cuales se declaró *Con Lugar la Moción In Limine,* donde se excluyeron unas grabaciones de "WhatsApp" y se declaró *No Ha Lugar* la solicitud de la parte peticionaria de que se dieran por admitidas las alegaciones de los codemandados.[1]

Las partes recurridas, Universidad de Puerto Rico, (en adelante, "parte recurrida" o "UPR") y Bridge Security Services, Inc., (en adelante, "parte recurrida" o "Bridge"), comparecieron mediante *Oposición* a la expedición del auto de *Certiorari.*

Por los fundamentos que se exponen a continuación, *se deniega el auto de certiorari solicitado.* Veamos.

---

[1] Apéndice del recurso, Págs. 235-238.

**I**

La parte peticionaria presentó *Demanda* el 2 de noviembre de 2020, por alegado discrimen, represalias, salarios, difamación y daños y perjuicios.[2]  Por su parte, el 16 de noviembre de 2020, Bridge contestó la *Demanda*.[3] En su contestación, la parte recurrida negó la alegación número 35 de la *Demanda* por falta de información o creencia suficiente que le permitiera formular una opinión respecto a la veracidad de lo aseverado.  A su vez, el 20 de septiembre de 2022 la UPR contestó la *Demanda*.[4] La UPR en su contestación a la querella negó las alegaciones número 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 y 27 de la *Demanda* por falta de información y conocimiento suficiente para emitir una opinión en torno a la veracidad o mendacidad de lo allí alegado. En la vista celebrada por videoconferencia el 19 de mayo de 2023, el TPI ordenó que el descubrimiento de prueba finalizara el 29 de septiembre de 2023.[5] El 28 de julio de 2023, la parte peticionaria contestó las objeciones de la UPR a las contestaciones del Sr. Hernández Rossy al Pliego de Interrogatorios notificado por la UPR. En dicha contestación a la objeción presentada, la parte peticionaria anunció como parte de su prueba "unos voice mails".[6]  El 15 de septiembre de 2023 la UPR envió un correo electrónico a la parte peticionaria solicitándole que enviara nuevamente las contestaciones a las objeciones, debido a que el correo electrónico que había enviado el 28 de julio de 2023, contenía unos enlaces que no se podían abrir. Finalmente, las contestaciones a las objeciones fueron enviadas nuevamente el 20 de septiembre de 2023.

El 16 de octubre de 2023, la UPR presentó *Moción para que se Convierta Conferencia con Antelación al Juicio en Vista de Estado de*

---

[2] Apéndice del recurso, Págs. 1-7.
[3] Apéndice del recurso, Págs. 8-17.
[4] Apéndice del recurso, Págs. 18-30.
[5] Apéndice del recurso, Págs. 31-33.
[6] Apéndice del recurso, Págs. 150-181.

*los Procedimientos y* solicitó al TPI que se le permitiera tomarle una deposición a la parte peticionaria.[7] El 17 de octubre de 2023 la parte peticionaria presentó *Oposición a Conversión.*[8] El TPI denegó la solicitud de la UPR mediante *Orden* emitida el 17 de octubre de 2023.[9] Así pues, la UPR radicó *Moción de Reconsideración* el 24 de octubre de 2023. El 6 de noviembre de 2023 la parte peticionaria *presentó Oposición a Moción de Reconsideración* y mediante *Resolución* del 7 de noviembre de 2023 el TPI declaró *No ha Lugar la Reconsideración.*[10] El 7 de noviembre de 2023, se presentó el *Informe de Conferencia con Antelación al Juicio* y en el mismo la parte peticionaria anunció como parte de su prueba "los voice mails de WhatsApp".[11] El 8 de noviembre de 2023 se celebró la conferencia con antelación al juicio y la parte recurrida solicitó extensión del descubrimiento de prueba para tomar deposición a la parte peticionaria. El 9 de noviembre de 2023, la parte peticionaria solicitó que se dieran por admitidas las alegaciones en contra de ambas partes recurridas que fueron negadas en la contestación a la *Demanda* por falta de información suficiente al amparo de la Regla 6 de Procedimiento Civil[12] y las partes recurridas se opusieron.[13] El 21 de noviembre de 2023, el TPI emitió una *Minuta* en la cual aprobó el *Informe de Conferencia con Antelación al Juicio* con unas enmiendas discutidas en la vista, sin embargo, esa minuta no fue firmada por el TPI. El 27 de noviembre de 2023 la UPR presentó *Moción In Limine,* mediante la cual solicitó que el TPI realizara una determinación de inadmisibilidad y que decretara la exclusión de los "voice mails".[14] El 11 de diciembre de 2023, la parte peticionaria

---

[7] Apéndice del recurso, Págs. 34-36.
[8] Apéndice del recurso, Págs. 37-38.
[9] Apéndice del recurso, Págs. 40-42.
[10] Apéndice del recurso, Págs. 43-58.
[11] Apéndice del recurso, Págs. 59-117.
[12] Apéndice del recurso, Págs. 118-120.
[13] Apéndice del recurso, Págs. 182-189; 190-205.
[14] Apéndice del recurso, Págs. 125-181.

radicó *Oposición a Moción In Limine,* alegando que los "voice mails" fueron anunciados oportunamente y que alegadamente la UPR no se interesó en ellos.[15]  El 13 de diciembre de 2023, la UPR solicitó que se emitiera la *Minuta* de la Conferencia con Antelación a Juicio nuevamente, ya que este Tribunal se había declarado sin jurisdicción en el KLCE202301384 y ese mismo día el TPI la emitió.[16]  El 31 de enero de 2024 y notificada el 1 de febrero del mismo año, el TPI emitió *Resolución* mediante la cual excluyó unas grabaciones alegadamente enviadas a la parte peticionaria mediante la plataforma de WhatsApp por otro empleado del patrono demandado. Igualmente, para este mismo día el TPI emitió otra *Resolución* donde denegó que se dieran por admitidas las alegaciones de las partes recurridas, pues no fueron enmendadas antes de darse por aprobado el *Informe de Conferencia con Antelación al Juicio.*

Inconforme con el dictamen del TPI, la parte peticionaria presentó el auto de *Certiorari* ante nos, donde le imputó al Foro Recurrido los siguientes señalamientos de error:

PRIMER ERROR:  ERRÓ EL TPI, INCURRIÓ EN CRASO ABUSO DE DISCRECI[Ó]N, PREJUICIO Y ERROR MANIFIESTO, AL DECLARAR CON LUGAR LA MOCIÓN IN LIMINE DE LA RECURRIDA, PRIVANDO A LA PARTE DEMANDANTE-PETICIONARIA DE UNAS GRABACIONES (VOICE MAILS) DE WHATSAPP A PESAR [DE] QUE HABÍAN SIDO ANUNCIADAS DURANTE EL DESCUBRIMIENTO DE PRUEBA.

SEGUNDO ERROR:  ERRÓ EL TPI, INCURRIÓ EN CRASO ABUSO DE DISCRECI[Ó]N, PREJUICIO Y ERROR MANIFIESTO, AL NO DAR POR ADMITIDAS LAS ALEGACIONES QUE LAS RECURRIDAS NEGARON EN SU CONTESTACI[Ó]N A LA DEMANDA "POR FALTA DE INFORMACIÓN SUFICIENTE PARA FORMULAR UNA OPINI[Ó]N SOBRE SU VERACIDAD", A PESAR DE QUE LAS RECURRIDAS NO ENMENDARON LAS MISMAS ANTES DE DARSE POR ACEPTADO EL INFORME DE CONFERENCIA CON ANTELACI[Ó]N A JUICIO.

---

[15] Apéndice del recurso, Págs. 224-227.
[16] Apéndice del recurso, Págs. 231-234.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

**II**

**-A-**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este Foro Apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos

de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Rivera Gómez y otros v. Arcos de Dorado Puerto Rico, Inc. y otros, supra; Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros, supra; Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020). *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008);

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez, supra,* a la pág. 848. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluara tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, *supra*, a la pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro

apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, a la pág. 98.

**-B-**

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R 23.1 (2009). El descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanta mina la fe del pueblo en el sistema judicial". *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 2060 DPR 659, 672 (2021), *Rivera et al. v. Arcos Dorados et al.,supra,*; *Alvarado v. Alemany*, 157 DPR 672, 682 (2002). El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". (citas omitidas).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154–155 (2000). Este criterio también concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 2060 DPR 659, 672 (2021). *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la

prueba. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial ha reiterado que el alcance del descubrimiento de prueba es amplio y liberal. *Cruz Flores v. Hospital Ryder Memorial Inc.* 210 DPR 465, 29 (2022). *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1054 (2017). (Énfasis suplido).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, *supra.* De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Cruz Flores v. Hospital Ryder Memorial Inc., supra.*

Consecuentemente, en la regla 23 de las Reglas de Procedimiento Civil, *supra,* se establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. Específicamente, el inciso (a) de la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1(a), dispone que las partes en litigio podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente [...]". *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR 821, 21(2023)

El Tribunal Supremo de Puerto Rico ha sido enfático, que dentro del descubrimiento de prueba existen dos limitaciones: (1) pertinencia y (2) materia privilegiada. Explica el más alto Foro de

Puerto Rico, que la prueba pertinente es la que produzca o pueda producir, entre otras:

> [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare, supra,* a la pág., 674; *Berrios Falcon v. Torres Merced,* 175 DPR 962, 972 (2009) *Sierra v. Tribunal,* 81 DPR 554, 573 (1959). *E.L.A. v. Casta,* 162 DPR 1, 13 (2004). *Alvarado v. Alemañy,* 157 DPR 672, 683 (2002), citando a *García Rivera et al. v. Enríquez,* 153 DPR 323,334(2001).

Por su parte, la moción *In Limine* es una solicitud para obtener del tribunal una decisión sobre la admisibilidad de evidencia anunciada, antes de que se trate de presentar formalmente en el juicio plenario. *McCormick on Evidence,* Fourth Edition, West Publishing, 1992, pág. 74. La concesión de dicha moción es una que cae perfectamente dentro de la amplia discreción que tiene el tribunal para dirigir el proceso judicial. *Sierra v. Tribunal Superior,* 81 DPR 554, 560 (1959). Es decir, una moción *In Limine* se basa en la prueba que ya fue anunciada por la parte contraria, por lo que no es sorpresiva.

**-C-**

La Regla 6.2 de Procedimiento Civil, 32 LPRA Ap. V, establece las normas concernientes a la presentación de alegaciones responsivas. En sus porciones pertinentes, la misma dispone lo siguiente:

> (a) La parte a quien corresponda presentar una alegación responsiva admitirá o negará las aseveraciones en que descanse la parte contraria y expondrá sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas.
> (b) En caso de que la parte que presente una alegación responsiva incumpla total o parcialmente con los requisitos impuestos en el inciso (a) de esta regla, el tribunal, a iniciativa propia o a solicitud de parte, podrá

dictar una orden para requerirle que satisfaga las exigencias de dicho inciso.

(c) Si la parte no tiene el conocimiento o la información suficiente para formar una opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, por tratarse de hechos que no pueden constatarse dentro del término concedido para contestar, así lo hará constar. La parte que proceda de este modo estará obligada a investigar la veracidad o falsedad de la aseveración negada por falta de información y conocimiento, y a enmendar su alegación dentro del término que fije el tribunal en la conferencia inicial o, en o antes de la fecha señalada para la conferencia con antelación al juicio. Si a la parte respondiente no le es posible constatar las aseveraciones así negadas, luego del uso de los métodos de descubrimiento disponibles y de otras diligencias razonables, deberá enmendar su alegación para negarla. Si la alegación no se enmienda para admitir o negar las aseveraciones negadas por falta de información y conocimiento, éstas se considerarán admitidas. (Énfasis nuestro).

**III**

La parte peticionaria recurre ante nos solicitando que dejemos sin efecto las *Resoluciones* emitidas por el TPI. En la primera *Resolución,* se declaró *Con Lugar una Moción In Limine* y no se le permitió a la parte peticionaria presentar unos "voice mails" de "WhatsApp". En cuanto a la segunda *Resolución,* el TPI no dio por admitidas ciertas alegaciones que las partes recurridas negaron en su contestación a la *Demanda* por falta de información suficiente para formular una opinión sobre su veracidad. Sin embargo, el descubrimiento de prueba, en conjunto a la *Moción In limine* y la Regla 6.2 de Procedimiento Civil, *supra,* no constituyen asuntos a ser evaluados bajo la Regla 52.1 de las de Procedimiento Civil, *supra,* ni constituye un fracaso de la justicia.

Luego de analizar la Regla 52.1 de Procedimiento Civil, *supra,* antes citada y habida cuenta de que, entendemos que no medió pasión, prejuicio, parcialidad o error manifiesto, y que el criterio rector se basa en la razonabilidad, encontramos que no surge evidencia suficiente que pruebe las alegaciones de la parte peticionaria y rebata la presunción de corrección que merece nuestra deferencia hacia el Foro Primario.

En síntesis, no hemos identificado ningún atisbo de prejuicio, arbitrariedad o error craso. Tampoco estamos ante alguna otra instancia de las contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que requiera nuestra intervención. Ello, nos hace concluir que **nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna**.

**IV**

Por los fundamentos que anteceden, se *deniega* el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones