Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BRAULIO MARRERO LÓPEZ<br><br>**APELANTE**<br><br>v.<br><br>BRENDA BRAVO GONZÁLEZ Y OTROS<br><br>**APELADO** | KLAN202500352 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2022CV05692 (503)<br><br>Sobre: LIQUIDACIÓN DE COMUNIDAD DE BIENES |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Casillas[1], y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El apelante, Braulio Marrero López solicita que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia desestimó con perjuicio la demanda que este presentara contra Bramar Promotions LLC.

Las apeladas, Brenda Bravo González y Bramar Promotions LLC presentaron por separado sus respectivas oposiciones al recurso. Con el beneficio de ambas posturas, resolvemos la controversia ante nuestra consideración revocando la Sentencia Parcial recurrida. Los hechos esenciales para comprender la determinación que hoy tomamos son los siguientes.

**I**

El apelante presentó una demanda en la que solicitó la liquidación de los bienes de la comunidad constituida con su exesposa, Brenda Bravo Gonzalez e incluyó como demandada a la

---

[1] Mediante Orden Administrativa OATA-2025-068 Se designa al Hon. Roberto Rodríguez Casillas en sustitución del Hon. Félix R. Figueroa Cabán.

Número Identificador

RES2025_____

corporación Bramar Promotións LLC, en adelante Bramar. Sus alegaciones son las siguientes. Las partes se casaron el 27 de diciembre de 2003, bajo el régimen de capitulaciones matrimoniales. Sin embargo, nunca se comportaron conforme a ese régimen económico. Durante el matrimonio ambos operaron el negocio conocido como Bramar Promotions o Bramar Promotions d/b/a La Casa de los Inflables. El apelante inició la gestión comercial de la corporación y ambos se dedicaron de lleno a la empresa común. Las necesidades familiares se satisfacían con dinero de esa empresa. El dinero privativo era utilizado para expandir el negocio que inició en una marquesina y se trasladó a un almacén que construyó el apelante. Previo y hasta el año 2020, el apelante realizaba todo el trabajo en la calle que incluía venta, promoción, establecer el contacto con los suplidores vendedores y clientes, hacia las entregas, viajaba para realizar negocios y contactaba suplidores fuera de Puerto Rico. La apelada administraba la empresa y se aprovechó de la confianza del apelante, para inscribir Bramar Promotions como una corporación LLC y se denominó única accionista. El matrimonio se terminó mediante divorcio el 23 de junio de 2022 y la sentencia era final y firme.[2]

Aun cuando Bramar negó ser parte de una comunidad de bienes constituida entre los excónyuges presentó una reconvención contra el apelante. La corporación adujo que: (1) la apelada inició Bramar Distributors, mientras era soltera y como única dueña, (2) Bramar Distributors se convirtió en lo que es hoy Bramar Promotions LLC, (3) Bramar Promotions LLC es acreedora de un préstamo remitido a la comunidad de bienes compuesta por ambas partes y al apelante en su carácter personal.[3]

---

[2] Véase Apéndice del recurso, página 14.
[3] Id, página 66.

La corporación solicitó la desestimación de la demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, alegando que el apelante no expuso una reclamación que justificara conceder un remedio. Su representación legal adujo que la señora Bravo creó la corporación y era su única propietaria y que el apelante no tenía ninguna participación en los bienes corporativos. Por último, alegó que las partes otorgaron capitulaciones matrimoniales en el año 2003, en las que constaba que Bramar Distributors D/B/A La Casa de los Inflables era un bien privativo de la apelada.[4]

El señor Marrero se opuso a la desestimación porque: (1) existía una controversia plausible que solo podía dirimirse luego de recibir prueba, (2) la corporación no podía reclamar confidencialidad, porque reveló documentos de forma voluntaria y, (3) la corporación era un alter ego de la apelada. Su representación legal argumentó que la moción de desestimación no podía considerarse como una solicitud de sentencia sumaria, porque no cumplía las formalidades la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. El apelante alegó que: (1) era dueño del 50% de la corporación, (2) creó la corporación, (3) el matrimonio se comportó como una comunidad de bienes gananciales y, (4) ambos trabajaron para beneficio de Bramar.[5]

El foro primario determinó que no existía controversia sobre los hechos a continuación.[6] Bramar es una corporación de responsabilidad limitada, organizada y existente conforme a las Leyes de Puerto Rico. La señora Brenda L. Bravo González era su representante. Las partes contrajeron matrimonio el 27 de diciembre de 2003, bajo el régimen económico de separación total y

---

[4] Id, página 85.
[5] Apéndice del recurso, página 193.
[6] Id, página 274.

absoluto de la propiedad y la administración de sus bienes presentes y futuros mediante capitulaciones matrimoniales, excepto los adquiridos en común. Las capitulaciones se suscribieron en la Escritura número 35, otorgada el 23 de diciembre de 2003, en Carolina, Puerto Rico, ante la Notaria Pública Ruth Myrna Pizarro Rodríguez. La apelada inició Bramar Distributors d/b/a La Casa de los Inflables, cuando era soltera y como única dueña. El inciso catorce de la escritura de capitulaciones es siguiente.

> **CATORCE.** Se hace constar que la compareciente BRENDA LIZ BRAVO GONZALEZ a la fecha de este otorgamiento es dueña en pleno dominio y en carácter privativo de la siguiente propiedad:
> 1. Automóvil
> 2. Cuenta Bancaria
> 3. Negocio Propio Bramar Distributors D/B/A La Casa de los inflables.

No obstante, en la Resolución el TPI encontró que existía controversia sobre los hechos siguientes:

> 1. Si Bramar Distributors se convirtió en Bramar.
> 2. Si el señor Marrero contribuyó a Bramar en algo más que ser empleado.

El foro de instancia atendió la petición de Bramar como una solicitud de sentencia sumaria. Aunque resolvió que el apelante no se opuso conforme a derecho, no dictó sentencia sumaria, porque tenía duda sobre a quién pertenecía Bramar. El foro primario determinó que no existía duda de que Bramar Distributors D/B/A La Casa de los Inflables pertenecía a la apelada. No obstante, no pudo determinar si se convirtió en Bramar Promotions LLC. El tribunal hizo hincapié en que Bramar Promotions LLC, se creó en el año 2011, pero no se probó si se pagó con dinero privativo y si era Bramar Distributors. Por otro lado, no dio crédito a las alegaciones de que el apelante era dueño de 50% de Bramar Promotions, porque no lo acreditó. El foro primario concluyó que el apelante solo probó que era un empleado, debido a que la apelada aceptó ese hecho. Sin embargo, denegó la moción de desestimación, porque en ese

momento no estaba en posición de declararla ha lugar.[7] De igual manera, se negó a reconsiderar la decisión de no desestimar la demanda contra Bramar. No obstante, el 4 de diciembre de 2024 realizó una vista en la que ordenó a las partes a mostrar causa por escrito de las razones, si algunas, por las que Bramar Promotion LLC debía continuar en el caso. Según escuchamos en la regrabación de la vista llevada a cabo el 4 diciembre de 2024, el TPI cuestionó a las partes si:

1. era correcto incluir a Bramar como demandada, en el pleito de división de la comunidad entre el apelante y la apelada.
2. el apelante tenía que presentar otro pleito contra Bramar.

Posterior a la vista, y según ordenado por el foro primario, Bramar presentó Moción en Cumplimiento de Orden y en Solicitud de Desestimación en la que argumentó que las partes acordaron en las capitulaciones matrimoniales la separación total y absoluta de bienes, enumeraron los bienes de cada cónyuge y dispusieron que el negocio Bramar Distributors DBA, La casa de los Inflables, pertenecía en pleno dominio y carácter privativo a la apelada. Según Bramar, durante el matrimonio las partes adquirieron tres propiedades en comunidad y lo hicieron constar por escrito, como pactaron en las capitulaciones. La representación legal de Bramar adujo que las partes no acreditaron por escrito que la corporación era un negocio común y nunca crearon una entidad jurídica en la que ambos fueran miembros. Fue enfática en que Bramar se registró para dar continuidad el negocio privativo de la apelada e hizo hincapié en que el tribunal reconoció que la apelada era dueña el 100% de las acciones. Por último, advirtió que el apelante tenía que presentar su reclamo contra la corporación en otro pleito, porque

---

[7] Apéndice del recurso, página 274.

este se circunscribía a la liquidación de la comunidad de bienes entre los excónyuges.[8]

En respuesta, el apelante presentó un Memorando en el que alegó que el TPI no tenía jurisdicción, porque la controversia había sido adjudicada el 18 de diciembre de 2023 en contra de los apelados sin que estos apelaran la determinación, por lo que constituía la ley del caso además de que Bramar era parte indispensable.[9]

Finalmente, el 23 de marzo de 2025 el foro primario dictó la Sentencia Parcial en la que incluyó entre las determinaciones de hecho los siguientes:

…

4. El inciso diez (10) de la referida Escritura de Capitulaciones matrimoniales expresa lo siguiente:

**DIEZ.** De adquirir algún bien inmueble en común proindiviso o entrar a una operación comercial conjuntamente o entre si el interés propietario de cada cual quedara establecido a base de las aportaciones de capital y de trabajo adjudicado a cada uno de los cónyuges que habrá indicarse en documento de que se trate y habrán de responder del pago de las contribuciones, impuestos y arbitrios en proporción a la participación de cada inmueble o empresa comercial.
…

7. Mas adelante, Bramar Distributors D/B/A, La Casa de los Inflables se convirtió en Bramar Promotions LLC.

8. La señora Bravo es la única dueña de Bramar Promotions LLC.

9. El señor Marrero fue empleado de Bramar Promotions LLC.

El TPI desestimó la reclamación contra Bramar, porque habían transcurrido más de dos años y dos meses de presentada la demanda y un año de la resolución del 18 de diciembre de 2023, sin que el apelante pudiera probar que era propietario del 50 % de las acciones. No obstante, concluyó que la apelada probó que Bramar

---

[8] Apéndice del recurso, página 417.
[9] Id, pag. 427.

Promotions LLC era la continuación de Bramar Distributors D/B/A La Casa de los Inflables. El TPI expresó que no tenía duda alguna de que Bramar Distributors D/B/A La Casa de los Inflables se convirtió en Bramar Promotions LLC y que pertenecía exclusivamente a la apelada.[10]

Por otro lado, el TPI hizo hincapié que conforme al inciso diez de las capitulaciones, el apelante tenía que cumplir dos requisitos para demostrar que tenía derechos en Bramar. Según el TPI, el apelante tenía que demostrar que su participación constaba por escrito y que pagaba el (50%) cincuenta por ciento de las contribuciones y arbitrios, en igual proporción que la apelada. El TPI concluyó que el apelante no demostró que cumplió ninguno de los dos requisitos, a pesar de que esa evidencia tenía que estar en sus manos. El TPI, advirtió que las partes adquirieron bienes en comunidad durante el matrimonio y lo hicieron constar por escrito, conforme acordaron en las capitulaciones. El foro apelado restó credibilidad al apelante, porque Bramar era el único activo en el que no hizo constar su titularidad por escrito.

El 23 de marzo de 2025 el TPI dictó la Sentencia Parcial apelada en la que desestimó con perjuicio la demanda contra Bramar Promotions LLC. No obstante, advirtió que el apelante debió reclamar su alegada titularidad en un pleito independiente con Bramar. Por último, defendió su jurisdicción, indicando que, en la resolución del 18 de diciembre, no resolvió a quien pertenecía Bramar.

Inconforme, el apelante presentó este recurso en el que alega que:

1) ACTUÓ EL TPI CON PASIÓN, PREJUICIO Y PARCIALIDAD, ABUSO DE DISCRESION Y ACTUO SIN JURISDICCION AL *MOTU PROPRIO* PROVOCAR Y/O SOLICITAR POR LA CO DEMANDADA BRAMAR LA DESESTIMACIÓN CON RESPECTO DE ESTA DEL PLEITO, AUN LUEGO DE HABER DECLARADO NO

---

[10] Apéndice del recurso, páginas 1 a 13.

HA LUGAR LA DESESTIMACIÓN AL AMPARO DE LA REGLA 36.4 DE LAS DE PROCEDIMIENTO CIVIL, UN AÑO ANTES, ESTO PARA FAVORECER A UNA PARTE EN ESPECIFICO.

2) ERRO EL TPI Y COMETIO ERROR MANIFIESTO AL DESESTIMAR CON PERJUICIO LA CAUSA DE ACCION CONTRA BRAMAR SIN HABERSE CULMINADO EL DECUBRIMIENTO DE PRUEBA, SIN HABERSE CELEBRADO VISTA EVIDENCIARIA ALGUNA Y SIN HABER RECIBIDO DE FORMA ALGUNA PRUEBA PARA ADJUDICAR LAS CONTROVERSIAS ESTABLECIDAS EN LA SENTENCIA SUMARIA EMITIDA UN AÑO ANTES.

## II

### MOCIÓN DE DESESTIMACIÓN

La parte demandada puede solicitar la desestimación, cuando de las propias alegaciones de la demanda es evidente que alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil 32 LPRA Ap. V, va a prosperar. Los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y a considerarlos de la forma más favorable para la parte demandante. El promovente de una moción de desestimación tiene que demostrar con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiera probar y aun interpretando la demanda lo más liberalmente posible a su favor. Los tribunales deben evaluar si a la luz de la situación más favorable para el demandante y resolviendo toda duda a su favor, la demanda constituye una reclamación valida. *Rivera Candela v. Universal Insurance Company,* 2024 TSPR 99; *Comisión v. González Freire,* 211 DPR 579, 615 (2023); *Cobra Acquisitions LLC v. Municipio de Yabucoa,* 210 DPR 384, 396 (2022).

### DESCUBRIMIENTO DE PRUEBA

Nuestro ordenamiento jurídico tiene como política un descubrimiento de prueba amplio y liberal. Los propósitos del descubrimiento de prueba son: (1) delimitar las controversias, (2) facilitar la consecución de evidencia, (3) evitar las sorpresas en el

juicio, (4) facilitar la búsqueda de la verdad y, (5) perpetuar la prueba. *Rivera et al v. Arcos Dorados et al,* 212 DPR 194, 203 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 844 (2023),

Las partes podrán descubrir prueba sobre cualquier materia no privilegiada que sea pertinente al asunto en controversia pendiente. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que conduzca al descubrimiento de evidencia admisible. Regla 23.1(a) de Procedimiento Civil, 32 LPRA Ap. V. El Tribunal Supremo de Puerto Rico ha expresado que para que una materia pueda ser objeto de descubrimiento de prueba, vasta que exista una posibilidad razonable de relación con el asunto en controversia. Por otro lado, el descubrimiento de prueba no es una carta en blanco para perturbar indiscriminadamente a una parte. Razón por la cual los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento. Su obligación es garantizar una solución justa, rápida y económica del caso sin que signifique alguna ventaja para cualquiera de las partes. *Torres González v. Zaragoza Meléndez,* supra, pág. 845.

## DESCUBRIMIENTO DE PRUEBA EN LOS CASOS DE DIVISIÓN DE COMUNIDAD DE BIENES

En *Alvarado v. Alemañi,* 157 DPR 672 (2002) la exesposa solicitó la liquidación de los bienes adquiridos durante su matrimonio sujeto al régimen económico de sociedad legal de gananciales. La demandante reclamó su participación en el cien por ciento de las acciones y activos de una corporación. El demandado alegó que la corporación no era un activo para dividirse, porque le pertenecía privativamente. La demandante requirió descubrir prueba sobre los activos, pasivos, cuentas en instituciones bancarias y de corretaje, planillas de volumen de negocios entre otra prueba. El demandado alegó que el descubrimiento de prueba era

improcedente, porque el caudal ganancial a dividirse se circunscribía a los bienes adquiridos durante el matrimonio. Por el contrario, la demandante adujo que el descubrimiento de prueba era necesario para establecer, su derecho a participar en las ganancias y en el aumento en el valor de la corporación. La demandante acudió al Tribunal Supremo de Puerto Rico, porque el foro apelativo le exigió que antes de permitirle descubrir prueba, tenía que demostrar que hubo un aumento en el valor de la corporación y que ese incremento se debió a su industria trabajo o esfuerzo.

El Tribunal Supremo de Puerto Rico identificó una controversia real relacionada al impacto de los esfuerzos de ambas partes sobre el valor del negocio privativo. No obstante, resolvió que era patentemente erróneo obligar a la demandante a establecer inicialmente el incremento en el valor de la corporación ocasionado por la industria, esfuerzo y trabajo de la demandante, para luego proceder a descubrir la prueba. A su juicio no tenía mucha lógica ni sentido jurídico obligar a demostrar prima facie la necesidad de un descubrimiento de prueba, mediante la evidencia que precisamente se interesa obtener en el descubrimiento de prueba. El tribunal advirtió la existencia de una tendencia a reconocer el derecho de un excónyuge que no es accionista para descubrir prueba.

**PARTE INDISPENSABLE**

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, regula la acumulación de partes indispensable en un pleito. El legislador dispuso que las personas con un interés común y sin cuya presencia no pudiese adjudicarse la controversia, se acumularán como parte demandante o demandada, según correspondiese. El requisito de acumular una parte indispensable es una exigencia del debido proceso de ley que responde a dos principios básicos; (1) La protección constitucional que impide que una persona sea privada

de su libertad y propiedad sin un debido proceso de ley y, (2) a la necesidad de que el dictamen judicial emitido sea completo. El Tribunal Supremo de Puerto Rico ha definido parte indispensable como aquella de la cual no se puede prescindir y cuyo interés en la controversia es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. El interés común al que se refiere la Regla 16.1, *supra,* no es un mero interés en la controversia, sino uno de tal orden que impide la confección de un decreto adecuado sin afectarlo. Además, tiene que ser real e inmediato, no especulativo, ni futuro y tiene que impedir la confección de un remedio adecuado, porque podría afectar o destruir radicalmente los derechos de esa parte ausente. La falta de parte indispensable es un planteamiento tan vital que se puede presentar en cualquier momento, incluso por primera vez en apelación. El tribunal también puede levantarlo motu proprio. Una sentencia emitida sin una parte indispensable es nula. *Inmobiliaria Baleares, LLC y otros v. Bernabé González y otros,* 214 DPR 1109, 1121 (2024).

La acumulación de partes no indispensables está regulada en Regla 16.2, 32 LPRA Ap. V. El tribunal podrá ordenar la comparecencia de aquellas personas sujetas a su jurisdicción que, no son indispensables, pero deben acumularse para conceder un remedio completo y final a las que ya son parte. La facultad del tribunal para acumular una parte no indispensable es discrecional y está basada en un enfoque pragmático. La acumulación dependerá de los hechos específicos del caso y requerirá una evaluación jurídica de sus factores particulares como el tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y finalidad. *Inmobiliaria Baleares, LLC y otros v. Bernabé González y otros, supra*, pág. 1122.

**III**

El apelante cuestiona la desestimación sumaria y con perjuicio de la reclamación contra Bramar Promotion LLC, porque: (1) un año antes y con la misma prueba el TPI no desestimó la demanda, razonando que existían controversias que impedían la adjudicación sumaria, (2) Bramar Promotion LLC no solicitó la desestimación, (3) el descubrimiento de prueba no había finalizado.

Por su parte, Bramar sostiene que el apelante se equivoca porque: (1) no presentó un solo documento que diera base a sus alegaciones y a que tiene una causa de acción, (2) no controvirtió la prueba documental que demostró que carece de una causa de acción, (3) el TPI denegó la desestimación en una resolución interlocutoria y, (4) la moción de sentencia sumaria no está atada a que finalice el descubrimiento de prueba.

Por su parte, la apelada alega que: (1) las conclusiones del TPI están basadas en los acuerdos suscritos en las capitulaciones matrimoniales, y en las otras piezas de evidencia que constan en los autos, (2) evidenció que Bramar D/B/A era propiedad privativa de la Señora Bravo, (3) no existe evidencia que demuestre que Bramar fue constituida conforme a los requisitos establecidos en las capitulaciones matrimoniales para considerarla como un bien común, (4) el tribunal le dio oportunidad al apelante para expresarse y someter prueba en apoyo a su reclamo, (5) el tribunal mantenía jurisdicción para cambiar su dictamen, (6) el apelante ha intentado destruir la corporación sobre la que reclama derechos mediante el descredito y competencia desleal y, (7) demostró que Bramar D/B/A y Bramar LLC eran el mismo negocio.

El apelante tiene razón. El foro primario erró y abusó de su discreción, porque desestimó la reclamación contra Bramar Promotions LLC, con perjuicio, sin que el apelante pudiera descubrir la prueba para demostrar su causa de acción.

El 4 de diciembre de 2024 el TPI expresó su intención de dar celeridad al pleito y cuestionó si Bramar debía ser parte del caso de división de bienes o el apelante tenía que presentar un pleito independiente en su contra. No obstante, el propio TPI le cerró las puertas al apelante para presentar un pleito independiente, porque desestimó la reclamación con perjuicio. A nuestro juicio, un pleito independiente tampoco abonaría a la economía procesal. Por el contrario, fragmentaría los procedimientos y sería más oneroso para el tribunal y las partes.

El TPI dio por hecho que: (1) Bramar, Distributors D/B/A, La Casa de los Inflables se convirtió en Bramar Promotions LLC, (2) La señora Bravo era la única dueña de Bramar Promotions LLC y que, (3) el señor Marrero fue empleado de Bramar Promotions LLC.

La jurisdicción del TPI para variar una decisión interlocutoria previa es incuestionable. No obstante, el TPI desestimó la reclamación con perjuicio, con la misma prueba que consideró cuando se negó a dictar sentencia sumaria, porque estaba en controversia sí;

1. Bramar Distributors se convirtió en Bramar.

2. el señor Marrero contribuyó a Bramar en algo más que ser un empleado.

Por su parte, las apeladas alegan que la desestimación procede porque: (1) la división de la comunidad tenía que realizarse conforme a lo pactado en las capitulaciones matrimoniales y, (2) el Tribunal Supremo de Puerto Rico solo ha permitido traer al pleito de división a una corporación, cuando el matrimonio se constituyó bajo el régimen económico de sociedad legal de gananciales. Sus argumentos no nos convencen. Las capitulaciones matrimoniales no impedían a las partes actuar de forma contraria al régimen económico establecido y a los acuerdos suscritos. No obstante, para dilucidar si las partes actuaron de forma contraria a las

capitulaciones y si el apelante tiene derechos sobre la corporación demandada es necesario descubrir prueba al respecto. Sin embargo, el apelante no ha podido realizar el descubrimiento de prueba por razones ajenas a su voluntad. Durante la vista del 4 de diciembre de 2024, informó que el descubrimiento se dilató por las renuncias de la representación legal de la parte apelada. Además, expresó que tuvo que acortar y suspender la deposición de la señora Bravo, porque la apelada se enfermó y tuvo una situación con su hijo. Por otro lado, entendemos que la doctrina establecida en *Alvarado v. Alemañi, supra,* no se circunscribe a los casos en los que el matrimonio se constituyó bajo el régimen económico de sociedad legal de gananciales. La inclusión y el descubrimiento de prueba de una corporación sobre la cual uno de los excónyuges reclama derechos, también aplica cuando las partes otorgan capitulaciones matrimoniales. Nuestro razonamiento obedece a que no importa el régimen por el que se casaron las partes, porque en ambos casos se solicita la división de los bienes comunes. La diferencia es la forma que serán divididos.

Una corporación es parte indispensable en un pleito de división de comunidad, cuando uno de los excónyuges alega y demuestra que tiene un interés propietario y que no es un mero empleado. Sin su presencia, la división de la comunidad no podrá adjudicarse, ni emitirse un dictamen final, porque el caso no estaría completo. Los derechos del excónyuge que reclama interés propietario se afectarían porque, faltaría uno de los bienes de la comunidad. Una corporación sobre la cual un excónyuge reclama derechos en un pleito de división de comunidad, además, cumple con los requisitos de la Regla 16.2, *supra.* Su inclusión al amparo de la Regla 16.2, *supra,* es necesaria para que ambas partes, tengan un remedio completo y final sobre la liquidación de la comunidad de bienes.

El TPI desestimó la demanda con perjuicio, por el tiempo transcurrido, sin que el apelante demostrara que era dueño de al menos el cincuenta por ciento de Bramar Promotions LLC. No obstante, sin un descubrimiento de prueba realizado conforme a derecho, era imposible que el apelante pudiera establecer su derecho sobre la corporación. La decisión del TPI es errónea, porque condiciona el descubrimiento de prueba a que el apelante establezca inicialmente que es el dueño de al menos un cincuenta por ciento de la corporación, Al igual que el Tribunal Supremo en *Alvarado v. Alemañi, supra,* entendemos que no tiene sentido jurídico obligar al apelante a demostrar *prima facie* que es el dueño del cincuenta por ciento de la corporación, cuando esa es precisamente la evidencia que interesa obtener en el descubrimiento de prueba, para demostrar la procedencia de su reclamo.

**IV**

Por las razones antes mencionadas, se revoca la Sentencia Parcial apelada y se ordena al TPI a permitir al apelante el descubrimiento de prueba conforme a Derecho.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones