ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ROSA M. TORRES SANTOS **Parte recurrida** v. PURPLE COMMUNICATIONS, INC. **Parte peticionaria** | TA2025CE00942 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón** Civil núm.: **BY2024CV00840** Sobre: **DISCRIMEN EN EL EMPLEO** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparece ante nos Purple Communications, Inc., en adelante, Purple o peticionaria, solicitando que revisemos la *"Orden"* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón, el 3 de noviembre de 2025, en la que declaró *"No Ha Lugar"* la solicitud de Purple para anunciar testigos adicionales.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

## I.

El 14 de febrero de 2024, Rosa Torres Santos, en adelante, Torres Santos o recurrida, presentó una *"Demanda"* contra Purple por Discrimen en el Empleo.[1] Sin embargo, al amparo de lo dispuesto en la Regla 13.1. de Procedimiento Civil, 32 LPRA Ap. V, la recurrida radicó una *"Segunda Demanda Enmendada"* el 6 de

---

[1] SUMAC, Entrada Núm. 1.

mayo de 2024.[2] Por su parte, el 27 de junio de 2024, Purple presentó su *"Contestación a Segunda Demanda Enmendada"*.[3]

Poco después, el 3 de agosto de 2024, las partes presentaron el *"Informe para el Manejo del Caso"*.[4] En la Parte C del mismo, Purple y Torres Santos identificaron los testigos que pretendían traer al juicio. La peticionaria indicó que ella tenía la intención de testificar. Por su parte, Purple señaló a Milton Clemente, José Bertrán, Vicky Fales y el Custodio de Récords (no identificado).

Luego de varios asuntos procesales, incluyendo las gestiones de descubrimiento de prueba, el 30 de septiembre de 2025 se celebró una *"Vista sobre el Estado de los Procedimientos"*. En esta, el TPI-Bayamón indicó que el descubrimiento de prueba culminaba el 31 de octubre de 2025.[5]

Así las cosas, el 31 de octubre de 2025, Torres Santos radicó una moción ante el Foro Primario, indicando que Purple había anunciado tres (3) testigos el 29 de octubre de 2025, lo cual catalogó como tardío.[6] Por ello, solicitó una orden del TPI-Bayamón para impedir que la peticionaria utilice los testigos anunciados. Ese mismo día, Purple se opuso mediante moción. Posteriormente, el 3 de noviembre de 2025, el Foro Primario notificó el dictamen recurrido, y no permitió el anuncio de testigos adicionales. Razonó, por su parte, que "[e]s demás sorpresivo y quizás de mala fe, que la parte demandada, a penas a dos (2) días de concluir el descubrimiento de prueba notifique 3 testigos, empleados suyos [...]".[7]

El 17 de noviembre de 2025, Purple presentó una *"Moción de Reconsideración"*.[8] En respuesta, el 19 de noviembre de 2025,

---

[2] SUMAC, Entrada Núm. 8.
[3] SUMAC, Entrada Núm. 13.
[4] SUMAC, Entrada Núm. 15.
[5] SUMAC, Entrada Núm. 47.
[6] SUMAC, Entrada Núm. 28.
[7] SUMAC, Entrada Núm. 50.
[8] SUMAC, Entrada Núm. 52.

Torres Santos se opuso a la reconsideración.[9] El 20 de noviembre de 2025, el TPI-Bayamón declaró *"No Ha Lugar"* la solicitud de reconsideración de la peticionaria.

Inconforme, el 22 de diciembre de 2025, Purple presentó ante esta Curia un recurso de *"Certiorari"* en el que hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE PURPLE NOMBRÓ SUS TESTIGOS TARDÍAMENTE.
> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER LA SANCIÓN SEVERA DE EXCLUSIÓN DE PRUEBA COMO PRIMERA SANCIÓN.
> **TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXCLUIR LOS TESTIGOS DE PURPLE NOMBRADOS PARTE DEL DESCUBRIMIENTO DE PRUEBA, INCLUYENDO A SU CUSTODIO DE RÉCORD.

El 31 de diciembre de 2025, la parte recurrida radicó ante nos su *"Oposición a Expedición de Certiorari".* Perfeccionado el recurso, procedemos a resolver.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

---

[9] SUMAC, Entrada Núm. 53.

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR

83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> >
> > (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
> >
> > (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> >
> > (D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> >
> > (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
> >
> > (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> >
> > (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Descubrimiento de Prueba

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R 23.1 (2009). El descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanta mina la fe del pueblo en el sistema judicial". *McNeil Healthcare, LLC v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera et al. v. Arcos Dorados et al.*, supra; *Alvarado v. Alemany*, 157 DPR 672, 682 (2002). El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo

conocimiento y que son necesarias [...] para hacer valer sus derechos". (Citas omitidas).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Consejo de Titulares v. Triple S*, 2025 TSPR 82, 216 DPR ___ (2025); *Torres González v. Zaragoza Meléndez*, supra; *Rivera y otros v. Bco. Popular*, supra (2000). Este criterio también concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 672; *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial ha reiterado que el alcance del descubrimiento de prueba es amplio y liberal. *Consejo de Titulares v. Triple S,* supra; *Torres González v. Zaragoza Meléndez*, supra, *Cruz Flores v. Hosp. Ryder et al.,* 210 DPR 465, 29 (2022). *McNeil Healthcare v. Mun. Las Piedras II,* supra; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.,* 198 DPR 1040, 1054-55 (2017).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun.*

*Las Piedras II, supra.* De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que **los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento**, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Cruz Flores v. Hosp. Ryder et al.,* supra.

Cónsono con lo anterior, la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 34.3, faculta al Tribunal para emitir sanciones ante el incumplimiento de cualquier orden relacionada con el descubrimiento de prueba. En síntesis, entre las sanciones aplicables, contempla el desacato, así como la emisión de órdenes relacionadas a lo siguiente: (1) que las materias comprendidas sean consideradas probadas; (2) una orden para impedir que la parte que incumple se sostenga u oponga a determinadas reclamaciones o defensas o para prohibirle presentar determinada materia en evidencia; (3) eliminar alegaciones o parte de ellas; (4) suspender todos los procedimientos posteriores hasta que la orden sea acatada; (5) desestimar el pleito o procedimiento, o cualquier parte de ellos; (6) dictar sentencia en rebeldía; (7) considerar como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes excepto una orden para someterse a examen físico o mental; (8) sanciones económicas a cualquier parte, testigo, y representante legal, y; (9) el pago de los gastos incurridos incluyendo honorarios, salvo que se demuestre una justificación válida para el incumplimiento.

En *Valentín v. Mun. de Añasco,* 145 DPR 887, 896 (1998), Nuestro Más Alto Foro interpretó el alcance de la derogada Regla 34.2 de Procedimiento Civil, la cual es análoga a la actual Regla 34.3(b) de Procedimiento Civil, *supra.* En su interpretación el Tribunal Supremo de Puerto Rico, determinó que dicha disposición provee que un tribunal puede prohibir la presentación de

determinada prueba, cuando la parte interesada en presentarla incumpla con una orden del tribunal relacionada con el descubrimiento de prueba. Específicamente, para que proceda este tipo de sanción se requiere que: 1) el tribunal haya emitido antes una orden para llevar a cabo o permitir descubrimiento de prueba, y 2) que la parte que interesa la presentación de la prueba hubiese incumplido la orden referida. *Valentín v. Mun. de Añasco*, supra, a la pág. 894.

El estado de derecho actual avala la imposición de sanciones severas a la parte que incumpla una orden relacionada al descubrimiento de prueba. *HRS Erase v. CMT,* 205 DPR 689, 700 (2020). No obstante, el ordenamiento jurídico advierte que las mismas no deben emplearse de manera liviana, sino que, previo a ello, resulta de aplicación el empleo de sanciones menos drásticas. *Íd.* En este contexto, se ha resuelto que la medida severa de excluir el testimonio de un perito es análoga a la medida extrema de la desestimación, por lo que solo debe ser aplicada de manera excepcional. *Rivera et al. v. Arcos Dorados et al.,* supra, págs. 206-207; *Valentín v. Mun. De Añasco*, supra, pág. 895.

Es una norma consabida de nuestro jurídico la que reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). Ello se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993).

### III.

La parte peticionaria nos hace *tres (3) señalamientos de error,* que en síntesis, aducen que el TPI-Bayamón se equivocó y abusó de su discreción al no permitirle nombrar tres (3) testigos adicionales. Sostiene que el resultado del dictamen es una sanción

severa que, en virtud de las circunstancias del caso, no procedía como primera medida. Por su estrecho vínculo, discutiremos los errores de manera conjunta. Evaluado el recurso, los alegatos de las partes y el expediente del caso, concluimos que el Foro Recurrido erró. A Purple *le asiste la razón.*

El descubrimiento de prueba es una etapa de gran importancia en la dilucidación de las controversias judiciales. Si bien es cierto que el Magistrado que presida los procesos tienen discreción durante etapa, la misma opera en los confines de un marco estatutario y jurisprudencial. Como reseñáramos previamente, tanto las Reglas de Procedimiento Civil, *supra*, como nuestro Alto Foro delimitan la exclusión de evidencia y testigo como una sanción que procede si se materializan ciertos requisitos. Justipreciamos que, en el caso de autos, estos no se conforman.

En estricto derecho, el anuncio de los testigos adicionales de peticionaria dos (2) días antes de la culminación del descubrimiento de prueba no es una actuación contraria a las disposiciones de Ley. Lo cierto es que, en la vista del 30 de septiembre de 2025, el TPI-Bayamón delimitó el descubrimiento de prueba hasta el 31 de octubre de 2025. Una de las facultades de las partes, mientras se encuentran en esta etapa, es la de anunciar testigos. Determinar que anunciar testigos dos (2) días antes de que venza el término del descubrimiento de prueba es concluir que el mismo terminó *de facto* antes de la fecha establecida.

Por otro lado, coincidimos con la peticionaria respecto a la Regla 34.3 de Procedimiento Civil, supra. La exclusión de testigos es una consecuencia precedida por el incumplimiento con alguna orden relacionada al descubrimiento de prueba. En el caso de autos, no se desprende incumplimiento alguno de la Purple con alguna disposición del Tribunal. Lo que sostiene Torres Santos, y

avala erróneamente el dictamen recurrido, es que la vista del 30 de septiembre de 2025 la peticionaria no expresó interés en anunciar otros testigos, sino que solo indicó que faltaba la deposición de Manuel Clemente. Justipreciamos que la parte recurrida intenta equiparar lo ocurrido en la precitada vista con una orden del Foro Primario. Esto, cuando la minuta que obra en la entrada número cuarenta y siete (47) no es catalogada, ni siquiera, como una minuta-resolución. Es decir, este Foro concluye que Purple no incumplió con una orden o dirección del proceso de descubrimiento de prueba que ameritara la severa sanción de excluir testigos. Aun cuando el propósito de establecer la fecha límite del 31 de octubre de 2025 se debió a la necesidad de deponer a un testigo específico, lo cierto es que la etapa procesal en la que se encontraban ambas partes era la de descubrir prueba. Por ello, entendemos que el TPI-Bayamón llegó a la conclusión desacertada, al no haberla justificado adecuadamente, que la peticionaria obró de mala fe.

Además, sostenemos que la parte recurrida no nos ha colocado en posición para determinar qué perjuicio le ocasiona el nombramiento de estos testigos dos (2) días antes de cerrar el descubrimiento de prueba. Este Tribunal, en asuntos de alta discreción, debe inclinarse hacia la deferencia, siempre que las actuaciones del Foro Primario no respondan, entre otros, a abusos discrecionales. Por entender que en este caso el Foro Recurrido, en efecto, se extralimitó al impedir el anuncio de nuevos testigos dentro del término concedido por él mismo para ello, *revocamos* la determinación del TPI-Bayamón.

**IV.**

Por los fundamentos que anteceden, *expedimos el recurso de certiorari solicitado y revocamos el dictamen recurrido,* a los fines de

únicamente autorizar los tres (3) testigos que anunció la peticionaria previo a la culminación del descubrimiento de prueba.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones